UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE GONZALEZ LIZARRAGA,

Petitioner,

v.

ROBERT C. MARSHALL, WARDEN, FCI LOMPOC II,

Respondent.

CASE NO.: 26-CV-3610-JLS-DEB

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Petitioner Jose Gonzalez Lizarraga, an inmate in federal custody, moves this Court for a writ of habeas corpus under 28 U.S.C. § 2241 on the grounds that FCI Lompoc II is failing to apply First Step Act credit to his sentence calculation. Because it challenges the manner of the execution of his sentence, Petitioner's claim is appropriately brought under 28 U.S.C. § 2241. *See Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990) (recognizing that a petition under Section 2241 challenges the manner of the execution of a sentence, whereas Section 2255 challenges the propriety of the sentence itself). However, jurisdiction for a Section 2241 petition lies in the district of confinement, *id.* at 170, which in this case is the Central District of California. Thus, this Court lacks jurisdiction to consider Petitioner's claim.

The Court declines to transfer this matter to the Central District of California because the Petition fails to set forth sufficient facts to enable the Court to conclude whether a transfer would be in furtherance of justice. Defendant does not demonstrate that he has exhausted his administrative remedies, nor does he provide any specific facts or details about the nature of the alleged miscalculation.[1] Accordingly, Defendant's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **Dismissed** for lack of jurisdiction.

**SO ORDERED.**

Dated: August 14, 2026

Hon. Janis L. Sammartino
United States District Judge

[1] From what the Court is able to piece together from the criminal case docket, 22-CR-0966-JLS, and the Bureau of Prisons website, https://www.bop.gov/inmateloc/, Defendant's current scheduled release date is 24 months less than his 80-month sentence, thus it appears that some sentence credit has been applied beyond the 15% good time credit authorized by 18 U.S.C. § 3624(b)(1).